UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICANOR CADET | CIVIL ACTION |
| VERSUS | NO. 24-1320 |
| AMERICAN HONDA MOTOR CO., INC., ET AL. | SECTION "R" |

## ORDER AND REASONS

Before the Court is defendant American Honda Motor Co., Inc.'s opposed[1] motion for summary judgment.[2] For the following reasons, the Court grants the motion.

### I.     BACKGROUND

This case arises out of an October 2022 automobile accident that occurred after the plaintiff, Micanor Cadet, allegedly lost control of his car, a 2016 Honda Pilot.[3] Plaintiff purchased the car from an auction in March 2022, when the vehicle had over 173,500 miles logged on the odometer.[4] Plaintiff contends that, immediately prior to the accident, the car accelerated

---

[1]     R. Doc. 28.
[2]     R. Doc. 25.
[3]     R. Doc. 1-1.
[4]     R. Doc. 25-2 at 2; R. Doc. 28-2 at 2.

to an excessive rate of speed without any action by him.[5] Plaintiff attempted to brake, but the vehicle did not stop or respond in any way.[6] As a result, the car crashed into a light pole and resulted in injuries to the plaintiff and damages to the automobile.[7]

In October 2023, plaintiff filed a lawsuit in Louisiana state court against defendant, American Honda Motor Co., Inc., alleging a defect in construction, a defect in design, an inadequate warning, or a breach of manufacturer's express warranty, all under the Louisiana Products Liability Act ("LPLA"), as well as a redhibitory defect.[8] Defendant is the manufacturer of the vehicle involved in the collision.

Defendant removed the case to federal court in May 2024,[9] and in July 2024, defendant first moved for summary judgment.[10] The Court dismissed this motion as premature.[11] Defendant moves again for summary judgment because it argues the evidence is insufficient to sustain plaintiff's claims.[12] Plaintiff opposed this motion in a cursory response.[13]

---

[5]   R. Doc. 25-2 at 1; R. Doc. 28-2 at 1.
[6]   *Id.*
[7]   *Id.*
[8]   *Id.* ¶ 12.
[9]   R. Doc. 1.
[10]  R. Doc. 7.
[11]  R. Doc. 14.
[12]  R. Doc. 25-3.
[13]  R. Doc. 28.

The Court considers the motion below.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (first citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); and then citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*,

37 F.3d at 1075 (noting that the moving party's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence" (citations omitted)). "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id*. at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*

### III. DISCUSSION

As an initial matter, the Court notes that plaintiff's opposition to defendant's motion cites no case law aside from asserting the summary

judgment standard, and it largely points to government and expert reports as a whole, without pointing to particular pieces of information or making an argument as to their contents. Rule 56(c)(1) requires that a "party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to *particular parts of materials* in the record." Fed. R. Civ. Pro. 56(c)(1) (emphasis added). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 916 n.7 (5th Cir. 1992)); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). The Court nonetheless reviewed the record and plaintiff's perfunctory arguments.

**A. The Louisiana Products Liability Act**

The Louisiana Products Liability Act ("LPLA") provides for "the exclusive theories of liability for manufacturers for damage caused by their products." La. Rev. Stat. § 9:2800.52. There are four exclusive ways a product may be deemed unreasonably dangerous under the LPLA—in construction or composition, in design, because of inadequate warning, or failure to conform to express warranties. La. Rev. Stat. § 9:2800.54(b)(1–4).

Plaintiff asserts all four methods of deeming a product unreasonably dangerous.[14]

### 1. *In Construction or Composition*

Plaintiff first contends that the vehicle was unreasonably dangerous in construction or composition. A product is unreasonably dangerous in construction or composition if, "at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." La. Rev. Stat. § 9:2800.55. To satisfy this claim, plaintiff "must demonstrate not only what a manufacturer's specifications or performance standards are for a particular product, but how the product in question materially deviated from those standards so as to render it 'unreasonably dangerous.'" *Welch v. Technotrim, Inc.*, 778 So.2d 728, 733 (La. App. 2 Cir. 2001).

Plaintiff fails to demonstrate that, at the time the car left the manufacturer's control, it deviated from the manufacturer's specifications. Plaintiff admits that he knows nothing about the vehicle's prior ownership,

---

14   R. Doc. 1-1 at 4.

maintenance, repair history, or accident history.[15] Plaintiff's argument, and the assertions of his experts, seem to be that the vehicle was defective because the accident happened and others have reported similar unintended acceleration in 2016 Honda Pilot vehicles.[16] Even if true, those assertions are insufficient to support a claim that the vehicle was unreasonably dangerous in construction or composition under the LPLA.

Neither plaintiff's expert opinions nor any other evidence purports to show the manufacturer's specifications or performance standards at the time the vehicle left the manufacturer's control, much less how any aspect of the construction or composition of the vehicle deviated from those standards to render the vehicle unreasonably dangerous. This accident occurred six years after the vehicle left the manufacturer's control,[17] and there is no evidence of the history of the maintenance and use by the intervening owners.[18]

---

[15]   R. Doc. 25-2 at 2; R. Doc. 28-2 at 2.
[16]   R. Doc. 28-5 at 2–5; R. Doc. 28-6 at 1–3.
[17]   R. Doc. 25-2 at 1; R. Doc. 28-2 at 1.
[18]   Although a plaintiff may use *res ipsa loquitur* to make an inference that a produce was unreasonably dangerous under the LPLA, *Lawson v. Mitsubishi Motor Sales of Am., Inc.*, 938 So.2d 35, 49 (La. 2006), plaintiff does not rely on, or even mention, *res ipsa loquitur*. In any event, the evidence plaintiff relies on for his LPLA claims does not satisfy the requirements for invoking *res ipsa loquitur*. *See Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 312 (5th Cir. 2017) (to invoke *res ipsa loquitur* in a Louisiana product liability action, a plaintiff must show 1) that "plaintiff's injuries would not have occurred in the absence of negligence;" 2) that "defendant's negligence

Because plaintiff fails to submit evidence creating an issue of material fact on the basic elements of an LPLA claim for an unreasonably dangerous condition in the construction or composition of his vehicle, the Court grants summary judgment on this claim.

2. *In Design*

Next, plaintiff argues that the vehicle was unreasonably dangerous in design. "A product is unreasonably dangerous in design if, at the time the product left its manufacturer's control: (1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and (2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the

---

falls within his scope of duty to plaintiff;" and 3) "exclude [the] inference of the plaintiff's own responsibility or the responsibility of others besides the defendant in causing the accident." (citing *Lawson*, 938 So.2d at 50.)); *see also Lawson*, 938 So.2d at 51 (holding that *res ipsa loquitur* did not apply when plaintiffs failed to adequately address the prior owner's maintenance and handling of the vehicle); *see also Scott v. White Trucks*, 699 F.2d 714, 717–18 (5th Cir. 1983) ("[W]here a particular defect or dangerous condition is not directly shown to exist at the time of manufacture, and the product abnormally malfunctions, or even is directly shown to have a defective component, on the occasion of an accident occurring a significant time after manufacture, this will not alone authorize a finding that the product was defective while in the manufacturer's hands, if maintenance and employment by intervening owners and users is not adequately accounted for.").

manufacturer of adopting such alternative design." La. Rev. Stat. § 9:2800.56. These designs must be reasonably specific and not based on mere speculation: "Vague alternative concepts and suggestions—lacking in specific detail—do not provide a jury with enough information to determine whether a suggested alternative meets the statute's requirements." *Vallee v. Crown Equip. Corp.*, 2023 WL 2964407, at *2 (5th Cir. 2023). Given the complexity of the analysis, dangerous design cases almost always require expert testimony. *See, e.g.*, *Stewart v. Cap. Safety USA*, 867 F.3d 517, 521 (5th Cir. 2017) (collecting cases). Plaintiff does not point to—and does not contend that he has submitted—any evidence, from experts or otherwise, of an alternative design for the vehicle that would have prevented it from suddenly accelerating. Plaintiff therefore cannot show that the vehicle suffered from a design defect, and the Court must grant summary judgment on this claim.

### 3. Inadequate Warnings

Plaintiff also asserts that the vehicle was unreasonably dangerous because of inadequate warnings. "A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a

characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product." La. Rev. Stat. § 2800.57(A). As part of this claim, a plaintiff must provide evidence of the cause, frequency, severity, or consequences of the dangerous character in question. *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 264 (5th Cir. 2002). Further, a "'mere allegation of inadequacy' is insufficient for a plaintiff to survive summary judgment on a failure-to-warn claim." *Id.* The Louisiana Supreme Court has held that a plaintiff fails to establish a claim for inadequate warnings when he or she "[does] not specify what warning was inadequate, [does] not provide a proposed adequate warning, and [does] not provide any evidence to support this claim." *Reynolds v. Bordelon*, 172 So.3d 607, 614–15 (La. 2015). Further, the Louisiana Supreme Court noted that plaintiff's "conclusory statement" that defendant "failed to provide an adequate warning that there existed a defect with the" vehicle "fails for presuming a defect has been proven when no evidence was presented to show the nature or existence of that defect." *Id.* at 614–15. The reasoning of *Reynolds* applies here. Plaintiff did not specify which warning was inadequate, did not provide an adequate proposed warning, and did not otherwise provide any evidence in support of this claim. Further, plaintiff failed to create a genuine issue of

material fact as to the nature and cause of the dangerous characteristic about which he complained. *See Stahl*, 283 F.3d at 264. For these reasons, the Court grants summary judgment as to plaintiff's inadequate warning claim.

### 4. *Express Warranty*

Finally, plaintiff argues that the vehicle was unreasonably dangerous because it breached an express warranty of the manufacturer. This occurs when "the express warranty has induced the claimant or another person or entity to use the product[,] and the claimant's damage was proximately caused because the express warranty was untrue." La. Rev. Stat. § 2800.58. A plaintiff must establish that "(1) the manufacturer made an express warranty regarding the product, (2) the plaintiff was induced to use the product because of that warranty, (3) the product failed to conform to that express warranty, and (4) the plaintiff's damage was proximately caused because the express warranty was untrue." *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 452 (5th Cir. 2002).

Nothing in the record supports plaintiff's assertion that the car was unreasonably dangerous because of nonconformity to an express warranty. Plaintiff purchased the car used from an auction.[19] Plaintiff averred that he

---

[19]  R. Doc. 25-2 at 2; R. Doc. 28-2 at 2.

"cannot recall any express warranties issued by vehicle's manufacturer."[20] Plaintiff does not point to any evidence, by his experts or otherwise, that suggests that an express warranty was made. Finally, because plaintiff does not recall any express warranty, he cannot establish that he used the product because of the manufacturer's warranty. Plaintiff fails to establish a genuine issue of material fact as to the elements of this claim. The Court therefore grants summary judgment on plaintiff's express warranty claim.

### B. Redhibition

Plaintiff also asserts a claim for redhibitory defects in the vehicle, but plaintiff does not mention this claim in opposition to defendant's motion for summary judgment. In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *See Morgan v. Fed. Express Corp.*, 114 F. Supp.3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must still show that there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 n.3 (5th Cir. 1995) (quoting *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*,

---

[20] R. Doc. 25-7 at 6.

776 F.2d 1277, 1279 (5th Cir. 1985)). When a motion for summary judgment is unopposed, a court may accept the movant's evidence as undisputed. *Morgan*, 114 F. Supp.3d at 437 (quoting U*NUM Life Ins. Co. of Am. v. Long*, 227 F. Supp.2d 609 (N.D. Tex. 2002)). Nevertheless, if the moving party fails to meet its burden, the Court must deny its motion for summary judgment. *Hetzel*, 50 F.3d at 362 n.3.

In Louisiana, "[t]he seller warrants the buyer against redhibitory defects, or vices, in the thing sold." La. Civ. Code art. 2520. "In order to establish a prima facie case [for redhibition], a buyer must show that a non-apparent defect existed at the time of sale." *Ezell v. Gen. Motors Corp.*, 446 So.2d 954, 956 (La. App. 3 Cir. 1984). "The buyer "need not prove the underlying cause of the defect, but only that it existed." *Id*. "The term 'defect', as contemplated in Article 2520, means a physical imperfection or deformity; or a lacking of necessary components or level of quality." *Id*. There is no evidence in the record showing that the vehicle had a defect when it was initially sold. Plaintiff therefore fails to create a genuine issue of material fact on the essential element of a redhibition claim. The Court must grant summary judgment on this claim.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment.  Plaintiff's Louisiana Products Liability Act claims and his redhibitory defect claim are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __23rd__ day of April, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE